

Signed October 31, 2011.

_____

Ronald B. King
United States Chief Bankruptcy Judge

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| EDDY JOSE PEREZ, | § | CASE NO. 10-52146-RBK |
| | § | |
| DEBTOR | § | CHAPTER 13 |

### OPINION

On June 1, 2010, Eddie Jose Perez ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code. Subsequently, on June 28, 2010, GE Capital, as credit card issuer for JC Penney credit cards, "sold, transferred or otherwise assigned" to National Capital Management, LLC ("NCM") "all of its right, title and interest in debt" owed by Debtor to JC Penney. On July 8, 2010, NCM filed a proof of claim in Debtor's bankruptcy case in the amount of $1,801.24, which represented the JC Penney debt. Additionally, on July 29, 2010, GE Capital also "sold, transferred or otherwise assigned" to NCM "all of its right, title and interest in debt" owed by Debtor to Lowe's Home Improvement Warehouse, another company for which GE Capital served as credit card issuer. On July 31, 2010, NCM filed a proof of claim in Debtor's bankruptcy case in the amount of

$5,043.24, which represented the Lowe's debt.  On each proof of claim, NCM stated that notices should be sent to "National Capital Management, LLC" and included an address, but did not specifically name an officer to whose attention notices should be addressed.

On March 1, 2011, Debtor filed Debtor's Objection to Claim of National Capital Management, LLC, POC No. 7-1, and Debtor's Objection to Claim of National Capital Management, LLC, POC No. 10-1 (collectively, "Objections").  The generic basis for the Objections was that NCM failed to "demonstrate that Debtor is contractually or legally liable" for the amounts listed on each proof of claim.  Each of the Objections contained 21 day negative notice language, stating that no hearing would be set unless the claimant filed a response within 21 days.  NCM asserts that it did not file a response to the Objections because it was not properly served.  On April 11, 2011, this Court entered default orders sustaining Debtor's Objections and disallowing NCM's claims.  NCM now brings its Motions to Reconsider the Orders Disallowing its Proof of Claim Number 7 and Proof of Claim Number 10.

***Whether the Objections were Properly Served***.

In a bankruptcy case, once a claim is filed, the claim "is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If a claim is disallowed, it may subsequently be reconsidered for cause, according to the equities of the case.  11 U.S.C. § 502(j); FED. R. BANKR. P. 3008.  Reconsideration under section 502(j) is a two-step process "that requires the court to first find the existence of 'cause' and then to determine 'whether the equities of the case dictate allowance or disallowance of the claim.'"  ***In re Cagle***, 2008 WL 7874772, *2 (Bankr. N.D. Ga. June 2, 2008)

2

(*quoting* **In re Durham**, 329 B.R. 899, 903 (Bankr. M.D. Ga. 2005)); *see* **In re Colley**, 814 F.2d 1008, 1010 (5th Cir. 1987) (Rule 60 standards apply).

NCM argues that cause exists to reconsider its claims because the Objections to NCM's claims were not properly served. Bankruptcy Rule 3007(a) addresses objections to claims and provides that "[a]n objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing." FED. R. BANKR. P. 3007(a). Further, NCM argues that an objection to claim is a contested matter and is thus subject to Bankruptcy Rule 9014. Rule 9014 requires that motions in a contested matter "be served in the manner provided for service of a summons and complaint by Rule 7004." FED. R. BANKR. P. 9014(b). Therefore, under NCM's analysis, Rules 3007, 7004, and 9014 must be read together. Rule 7004 mandates that a corporate defendant be served by "mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." FED. R. BANKR. P. 7004 (b)(3).

There is a split of authority regarding whether service of an objection to a claim must be made in accordance with Bankruptcy Rules 7004 and 9014. In **In re Rushton**, 285 B.R. 76, 81 (Bankr. S.D. Ga. 2002), a Georgia bankruptcy court determined that because service of an objection to a creditor's claim was not mailed in accordance with Rule 7004(b)(3), service was not proper, and sufficient cause existed to reconsider the order sustaining the objection. In **Rushton**, the debtors

3

objected to a claim filed by Conseco and served the objection at the address Conseco listed in its proof of claim.  Conseco failed to respond to the objection, and the court entered an order disallowing its claim.  Conseco then moved for reconsideration of the order disallowing its claim, which the court granted because it found service of the objection was not made in accordance with Rule 7004(b)(3).  The court determined that "an objection to claim is a contested matter subject to Bankruptcy Rule 9014, which requires motions to be served in accordance with Bankruptcy Rule 7004." *Id*. at 80 (footnote omitted).  Because Rule 7004 requires service of a contested matter to a corporation be sent to the attention of an officer or agent, the debtor incorrectly served Conseco when it "failed to address the objection to an officer or agent." *Id*. at 81.

The bankruptcy court for the Western District of Wisconsin also found cause to reconsider its order disallowing a creditor's claim where the debtor failed to serve its objection in accordance with Rule 7004. *In re Sunde*, 2007 WL 3275128, *2-3 (Bankr. W.D. Wis. Oct. 2, 2007).  The court reasoned that the filing of the claim objection initiated a contested matter, and thus Rule 9014 applied to require service in accordance with Rule 7004.  Further, the court noted the distinction between "notice" and "service," adopting the view that *service* must be perfected in accordance with Rule 7004(b)(3), even if *notice* has been provided in the manner specified in Rule 3007, because compliance with Rule 7004(b)(3) is required in order for the court to acquire personal jurisdiction over the creditor. *Id*. *See also In re Boykin*, 246 B.R. 825, 828 (Bankr. E.D. Va. 2000); *cf. In re Lomas Financial Corp*., 212 B.R. 46, 52-53 (Bankr. Del. 1997) (service on attorney); *United States v. Oxylance Corp*., 115 B.R. 380, 381 (N.D. Ga. 1990) (service on IRS).

4

Other courts have followed different reasoning to find that service of a claim objection does not need to be in accordance with Rule 7004.  For example, the bankruptcy court for the Southern District of Texas determined that the "better analysis" for service of an objection to a creditor's claim "leads to the conclusion that mailing as required by Rule 3007 constitutes sufficient and proper service, and that service under Rule 7004 is not required." *In re Anderson*, 330 B.R. 180, 186 (S.D. Tex. 2005).  The court noted that "Rule 9014(a) states that 'in a contested matter in a case under the Code *not otherwise governed by these rules*, relief shall be requested by motion . . . '" and that because an objection to a claim is "a contested matter not commenced by a motion and that is otherwise governed by Rule 3007," Rule 7004 does not control. *Id.* (emphasis in original).  Because Rule 3007 "is the specific rule concerning objections to claims," the court concluded that "it controls service of such an objection rather than the more general Rule 9014(b)," and once a creditor has submitted itself to the bankruptcy court's jurisdiction by filing a claim, "due process is satisfied by mailing the objection and notice to the name and address specified on the proof of claim." *Id.* (*quoting In re Hawthorne*, 326 B.R. 1, 5 (Bankr. D.C. 2005)).  Thus, because the debtor mailed the notice to the address that the creditor itself provided on its proof of claim, notice was proper. *Id.*

The bankruptcy court for the Northern District of Georgia also found that a debtor's service of its objection to a creditor's claim was proper where the debtor mailed the objection to the address the creditor listed on its claim form, to the attention of the creditor's attorney. *In re Cagle*, 2008 WL 7874772, *4 (Bankr. N.D. Ga. June 2, 2008).  The court reasoned that because filing a proof of claim is "analogous to the filing of a complaint," in which a creditor voluntarily submits itself to the jurisdiction of the court, "there is no need to be concerned that the failure to perfect service of

5

process in accordance with Rule 7004(b)(3) has left the court without personal jurisdiction over the creditor for the purposes of resolving the creditor's claim." *Id*. at *4. The court also noted, as in *Anderson*, that Rule 9014 does not apply to claim objections because "[a] claim objection is otherwise governed by Rule 3007 and is also not relief requested by motion." *Id*.

In this case, Debtor served its objections to NCM's claims to the address NCM listed on its claims forms, "without any attempt to list a particular person, officer, or agent" in accordance with Rule 7004(b). Rule 9014 clearly applies to *all* contested matters, including claims objections. *In re Simmons*, 765 F.2d 547, 552 (5th Cir. 1985); 9 & 10 COLLIER ON BANKRUPTCY ¶¶ 3007.01[1] & 9014.01 (16th ed. 2011). It is undisputed that Debtor served NCM at the address listed on its claims forms, but did not direct the notices to a specific officer or agent. This Court's local rules govern procedures for objections to claims filed with negative notice:

> Objections to claims are contested matters and may be made on negative notice as set forth in L. Rule 9014. If negative notice is not used or if a timely response to the objection is filed, a hearing on the objection will be set in accordance with FRBP 3007.

BANKR. L.R. 3007 (W.D. Tex.). Rule 3007 requires "notice of the hearing . . . at least 30 days prior to the hearing." FED. R. BANKR. P. 3007(a). Here, there was *never* a hearing set or notice of a hearing. This Court holds that Rules 3007, 7004, and 9014 act in tandem to govern *service* of claims objections. Debtor failed to properly serve NCM because Rule 7004 requires that service of a contested matter on a corporation be sent to the attention of an officer or agent. FED. R. BANKR. P. 7004(b)(3); *Sunde* at *2-3; *Rushton* at 81; *Boykin* at 828.

6

## CONCLUSION

The orders sustaining the objections to proof of claim will be set aside.  The objections will be set for hearing on the merits.  This Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rules 7052 and 9014.  Separate orders will be entered.

# # #